IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BATH PLANET, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-6901 |
| v. | ) ) | Honorable Judge |
| DIETZLER VENTURES INC., a Texas corporation, | ) ) ) ) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, BATH PLANET, LLC, by and through its attorneys, for its Complaint for Injunctive and Other Relief against Defendant, DIETZLER VENTURES INC, alleges as follows:

**PARTIES**

1. Plaintiff, Bath Planet, LLC ("Bath Planet"), is an Illinois limited liability company whose principal place of business is located in Libertyville, Illinois. Bath Planet manufactures and distributes acrylic bath liners, wall surrounds and other home products.

2. Defendant, Dietzler Ventures Inc. ("Dietzler Ventures"), is a Texas corporation whose principal place of business is located in Carrollton, Texas.

**JURISDICTION AND VENUE**

3. This Complaint arises out of Dietzler Ventures' breaches of Bath Planet dealer agreements and violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

4. The Court's jurisdiction over Bath Planet's federal claims contained in this Complaint is conferred by 28 U.S.C. § 1331 as the claims relating to violations of the Lanham Act implicate a violation of a federal statute; the Court has jurisdiction over the remaining "state court" claims of this Complaint pursuant to 28 U.S.C. § 1367(a), pursuant to this Court's supplemental jurisdiction.

5. Pursuant to 28 U.S. Code § 1391, venue in this cause is proper in the Northern District of Illinois because a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

6. Bath Planet is a leading home improvement manufacture in acrylic wall surrounds and bath liners. The name Bath Planet is well known by distributors in the home improvement industry and among consumers.

7. Bath Planet has dealers throughout the United States. Bath Planet dealers purchase home improvement products from Bath Planet and sell Bath Planet's product to consumers for installation in their homes.

8. Since in or about 2011, Bath Planet has created a variety of marketing tools that Bath Planet dealers use. Bath Planet licenses the use of its name to its dealers pursuant to written dealer agreements. Dealers then use the well-known name "Bath Planet" on a variety of web sites such as Yelp, Angie's List and Google.

9. These web sites are often controlled by the dealer through a contractual relationship with the web site provider.

10. Pursuant to the written dealer agreements that Dietzler Ventures and Bath Planet entered into, Dietzler Ventures was a Bath Planet dealer until on or about July 14, 2017, when Dietzler Ventures unilaterally terminated the dealer agreements it had with Bath Planet in order to do business with one of Bath Planet's competitors.

## COUNT I
## BREACH OF CONTRACT

11. Bath Planet realleges paragraphs 1 through 10 of the Complaint as if fully alleged herein.

12. On or about June 2, 2016 and February 20, 2017, Bath Planet and Dietzler Ventures entered into two Bath Planet Dealer Agreements (collectively, the "Dealer Agreements"), true and correct copies of which are attached hereto as **Exhibits 1 and 2**.

13. Among other things, the Dealer Agreements provide that Dietzler Ventures was an authorized seller and installer of Bath Planet products and a licensee of certain Bath Planet intellectual property for the territory described in Exhibit A of the Dealer Agreements.

14. Pursuant to paragraph 6 of the Dealer Agreements: (1) Bath Planet licensed to Dietzler Ventures the use of Bath Planet's name, which is registered in the United States Patent and Trademark Office as Number 4,039,470; (2) Dietzler Ventures acknowledged that Bath Planet is the sole and exclusive owner of Bath Planet's trademarks, trade names, service marks, insignia, labels, designs, trade secrets and copyrights; and (2) Dietzler Ventures acknowledged that it had no right, title or interest other than as a Licensee.

15. Pursuant to paragraph 14 of the Dealer Agreements, Dietzler Ventures agreed to maintain the confidentiality of all Bath Planet information including but not limited to, trade secrets, manuals, catalogues, pricing information, manufacturing techniques and custom installation methods.

16. Pursuant to paragraph 18 of the Dealers Agreements, Dietzler Ventures agreed that upon termination of the Dealer Agreement, Dietzler Ventures would immediately discontinue using Bath Planet's intellectual property, including Bath Planet's trademarks, return to Bath Planet its manuals and discontinue operating in any manner that might tend to give the public the impression that Dietzler Ventures is still a dealer of Bath Planet or affiliated in any way with Bath Planet.

17. On or about July 14, 2017, Dietzler Ventures informed Bath Planet that it wanted to terminate the Dealer Agreements. At the time that Dietzler Ventures made its request for termination, the Dealer Agreements were in full force and effect.

18. The Dealer Agreements provide that upon termination thereof, Dietzler Ventures was to cease and desist from using any and all Bath Planet intellectual property, including but not limited to the Bath Planet logo and photographs. Furthermore, Dietzler Ventures was required to return to Bath Planet its manuals, supplements and all Bath Planet materials in Dietzler Ventures' possession.

19. However, despite the termination of the Dealer Agreements, Dietzler Ventures continues to this day to violate Bath Planet's intellectual property rights by using Bath Planet's intellectual property after termination of the Dealer Agreements. Specifically, Dietzler Ventures continues to display Bath Planet's name on advertisements and specifically on web pages such as Yelp, Angie's List and Google. Dietzler has also failed to return to Bath Planet its manuals, supplements and other Bath Planet materials in Dietzler Ventures' possession.

20. Bath Planet fully performed all of the terms and obligations required of it pursuant to the Dealer Agreements, including but not limited to providing to Dietzler Ventures, as a Bath Planet dealer, all products that Dietzler Ventures ordered from Bath Planet.

## COUNT II
## VIOLATION OF THE LANHAM ACT

21. Bath Planet realleges paragraphs 1 through 20 of the Complaint as if fully alleged herein.

22. Since in or about 2011, Bath Planet has marketed and sold its product used the in interstate commerce in connection with its business.

23. Dietzler Ventures' unauthorized use of "Bath Planet" in commerce after Dietzler's unilateral termination of the Dealers Agreements constitutes an attempt to palm off and appropriate Bath Planet's exclusive rights with respect to the "Bath Planet" mark as it is likely to cause confusion as to the affiliation, connection or association of Dietzler Ventures with Bath Planet, or as to the origin, sponsorship, or approval of Dietzler Ventures' goods, services or commercial activities by Bath Planet.

24. By reason of the foregoing, Dietzler Ventures has willfully violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Dietzler Ventures' wrongful use of the Bath Planet mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Bath Planet's marks and is therefore an exceptional case within the meaning of 15 U.S.C. § 1117.

26. Bath Planet is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## **COUNT III – INJUNCTIVE RELIEF**

27. Bath Planet realleges paragraphs 1 through 26 of the Complaint as if fully alleged herein.

28. Dietzler Ventures' unlawful actions as alleged herein have caused and, unless restrained, will continue to cause, substantial and irreparable harm to Bath Planet.

29. In addition, Bath Planet's legitimate business interests are being irreparably harmed each day Dietzler Ventures is permitted to wrongfully utilize Bath Planet's trademarks and other intellectual property.

30. Because Dietzler Ventures is wrongfully using the trademarked name "Bath Planet," the potential for confusion exists in that consumers will likely associate Dietzler Ventures with Bath Planet.

31. As a result, Bath Planet could lose business opportunities by consumers associating Bath Planet with Dietzler Ventures despite Dietzler Ventures' unilateral termination of the Dealer Agreements.

32. Bath Planet has no adequate remedy at law as monetary damages are inadequate to compensate Bath Planet for the injuries caused by Dietzler Ventures.

33. Therefore, Bath Planet is entitled to injunctive relief against Dietzler Ventures.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Bath Planet, LLC, prays that this Honorable Court:

A. Grant preliminary and permanent injunctive relief enjoining Dietzler Ventures, and all others acting in concert with and having knowledge thereof, from using the Bath Planet trademark, and any similar trade name or trademark or variant thereof, as a trade name, trademark, service mark, domain name, or for any other purpose;

B. Order Dietzler Ventures to account to Bath Planet for any and all revenues and profits that Dietzler Ventures has derived from its wrongful actions and to pay to Bath Planet all damages which Bath Planet has sustained by reason of the acts complained of herein, and that such damages be trebled;

C. Award Bath Planet its costs and all reasonable attorneys' fees it has incurred in this action;

D. Award Bath Planet punitive damages; and

E. Grant Bath Planet any other relief the Court deems just.

              Respectfully submitted,

              BATH PLANET, LLC

              By: /s/ Elliot S. Wiczer
                 One of Its Attorneys

Elliot S. Wiczer – ARDC #6208432
John M. Sheldon – ARDC #6256666
Brian S. Feldman – ARDC #6288135
Kyle Fonjemie – ARDC #6317125
Wiczer & Sheldon, LLC
500 Skokie Boulevard, Suite 325
Northbrook, Illinois 60062
(847) 849-4850

6